[Cite as *Drozin v. Ohio Dept. of Transp., Dist. 3*, 2011-Ohio-7059.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAITLIN DROZIN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 3

    Defendant

    Case No. 2011-09438-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Caitlin Drozin, filed this action against defendant, Department of Transportation (ODOT), contending her 1999 Dodge Avenger was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on State Route 585 northbound. In her complaint, plaintiff stated that she hit a pothole and the impact caused substantial damage such that the car was immediately disabled. Plaintiff recalled the particular damage incident occurred on April 15, 2011, at approximately 5:20 p.m. Plaintiff requested damages in the amount of $332.00, which includes reimbursement of her insurance deductible, a tank of gas, and the filing fee. The $25.00 filing fee was paid.

{¶2} Plaintiff submitted several photographs she took on April 18, 2011, depicting the pothole she hit. The pothole appears to be approximately two feet by two feet square and shows evidence of prior patching efforts. The defect is located near the white edgeline and extends slightly onto the berm.

{¶3} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to

plaintiff's April 15, 2011 described occurrence. Defendant located the pothole "between mileposts 13.90 and 15.87 on SR 585 in Wayne County." Defendant explained ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to plaintiff's incident. Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to April 15, 2011. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶4} Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Wayne County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident on SR 585 the last time that section of roadway was inspected prior to April 15, 2011. Defendant's maintenance records show potholes were patched in the vicinity of plaintiff's incident on March 12, 2011.

{¶5} Plaintiff filed a response contending that the roadway was not in good condition and that there were several areas of deteriorated pavement along SR 585. In addition, plaintiff included a witness statement attesting to the poor condition of the roadway in April 2011.

{¶6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an

insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶8}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on SR 585 prior to the afternoon of April 15, 2011.

{¶9}   Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶10}  In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. Plaintiff failed to provide sufficient evidence to show defendant had constructive notice of the pothole.

{¶11} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general

sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident only once in the six weeks preceding April 15, 2011, does not prove negligent maintenance of the roadway on the part of ODOT. See *Maynard v. Ohio Dept. of Transp., Dist. 10*, Ct. of Cl. No. 2004-03730-AD, 2004-Ohio-3284; *Marcis v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-05830-AD, 2004-Ohio-4830.

{¶12} Plaintiff has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that her property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAITLIN DROZIN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 3

    Defendant

    Case No. 2011-09438-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Caitlin Drozin
2607 Oak Park Blvd.
Cuyahoga Falls, Ohio  44221

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
10/20
Filed 11/2/11
Sent to S.C. reporter 3/30/12